[No. 1384.]

LOZIER v. HANNAN.

1. PLEADING—NEGATIVE PREGNANT:
In an action for a balance due on an account for goods sold and delivered an answer that admitted the purchase of goods but denied that the total amount was as alleged and then denied that defendant was indebted to the plaintiff in the sum alleged, was a negative pregnant and raised no issue as to the indebtedness or the goods alleged to have been bought so as to force plaintiff to prove his case.

2. PLEADING—EVIDENCE.
In an action for balance due on account for goods sold and delivered, it

was error to permit defendant over objection to introduce evidence that certain bicycles delivered by plaintiff were without tires, unless he had in his answer plead a contract on plaintiff's part to deliver complete and perfect machines and a failure to comply with such contract.

3. Sales—Pleading—Evidence.

In an action for balance due for goods sold and delivered, defendant pleaded that plaintiff had the exclusive handling of a certain bicycle and that plaintiff sold him wheels at a certain price, and that one of the conditions and provisions of the contract was that defendant should maintain the price stipulated in the contract, and as a further inducement to the purchase plaintiff agreed to maintain the price both at wholesale and retail, but that plaintiff in violation of the contract during the year and while defendant had on hand some of the wheels purchased, reduced the price both at wholesale and retail. *Held* that evidence in support of the above allegations was admissible under proper instructions as bearing on defendant's right to recoup damages, not for the prospective profit defendant would have made but for the reduced value of the wheels on hand caused by plaintiff's breach of contract.

*Appeal from the District Court of Arapahoe County.*

Mr. F. E. Carstarphen, Mr. Clay B. Whitford and Mr. H. A. Lindsley, for appellant.

Messrs. Rogers & Stair, for appellee.

Bissell, J.

Lozier & Company brought an action against the appellee, Hannan, to recover a balance of $578.80, claimed by the firm as the unpaid portion of a total account amounting to a little upwards of $26,000. They gave Hannan credits for a little over $25,000, and the difference between the two sides of the statement made the sum sued for. We regret the necessity which compels us to reverse the case because it has been three times tried before a jury, and the verdict ought to be upheld. We do not intend to review the entire case nor consider all the errors assigned, and we shall reverse it simply on one question, discussing that and one other respecting

which we believe the trial court fell into error. The other objections will be very readily obviated on the subsequent hearing when the pleadings are in such shape as to present the issues which the defendant attempted to tender. The counsel appearing on this appeal for the appellee were not the attorneys of record below, and are not responsible for the pleadings. We note this because of the strictures which will be made respecting that paper, and the suggestions which we shall make to the trial court with reference to amendments. The action was for the balance due on an account for goods sold and delivered. In the first paragraph of the answer, the defendant attempted to raise an issue respecting his indebtedness for that balance ; in this he lamentably failed. He proceeded to admit the copartnership of the plaintiff and that he bought goods of a certain description, denied that the total amount was $26,344.42, and then denied that he was indebted to the plaintiff on said account in the sum of $578.80.

The denial of the indebtedness raised no issue, nor was the purchase of the goods charged to have been bought so negatived as to force the plaintiff to prove his case. *Board of County Commissioners of Pueblo Co. v. Gould*, 6 Colo. App. 45.

If a party desires to raise an issue respecting the purchase and delivery of goods he is bound to so frame his denial as to compel the plaintiff to prove his case, or else admit it to a certain extent, and deny it as to the balance. The plea was a negative pregnant. The case stood for trial practically on that part of the answer which attempted to set up sundry counterclaims growing out of the transactions between the parties. These counterclaims were based on the return of defective goods, payment of express charges, a reduction in the value of the goods and a claim for certain saddles, being the cost of putting Hunt saddles on the bicycles delivered in place of those which were sent with the machines. None of these counterclaims were well pleaded ; they are inaccurate in form and probably insufficient in substance. Under proper objections all evidence offered in support of them would have

been necessarily excluded, unless the defendant asked and obtained leave to amend and replead. It is quite possible, and in fact the evidence would seem to show that the defendant could have pleaded these various matters and on proper proof would have been entitled to go to the jury thereon. We do not propose to express any opinion about it because the record is not in such shape as to permit it. It is usually true that where a pleading is defective and proof is introduced in support of it without objection the evidence is treated as material to the issues. It is not open to the appellant to predicate error on the admission of such testimony. That the complaint does not state a cause of action is a matter always open and may be first suggested in the appellate court. Whether the rule would be the same where the answer pleads matters by way of counterclaim or set-off we need not decide because we shall direct a repleader and the defendant can put his pleadings in proper shape.

There is a matter, however, which is radically wrong and which we think is available to the appellant. The goods sold were bicycles known as Clevelands No. 4. This is a machine well known to the trade, of a specific designation, made by a particular firm, of a definite style and variety and of a certain description and quality. The defendant did not aver that there had been no compliance by the plaintiff with his contract to deliver perfect and completed machines. Notwithstanding this want of a plea respecting it he undertook to prove a breach of the contract and a failure to deliver bicycles with tires. He offered testimony to the point that some twelve or more of the machines were delivered without tires, and that he was compelled to buy and put tires on these machines at an expense, and to his damage in a sum amounting to nearly $200. The evidence was objected to as immaterial, and the plaintiff moved to strike it out and take it from the jury because it was not within any issue tendered. We think this objection was well taken, that the motion to strike out should have been granted, and that the consideration of this fact should have been withdrawn from the jury. It is this error

which compels us to reverse the case. If the defendant desired to produce such testimony and recoup these damages he should have pleaded a contract to deliver perfect and complete bicycles with tires, and a breach in that bicycles were delivered without tires, the necessity to supply them and the cost. A pleading of this sort would have presented an issue on which both sides could have given testimony. We think the court erred in not sustaining the motion as well as in overruling the objection that the testimony was immaterial.

There is another matter about which we feel compelled to make some observations for the benefit of the trial court on the subsequent hearing. The defendant pleaded that the Cleveland wheel was exclusively handled by the plaintiffs; that they sold him 200 wheels, No. 4's, at the wholesale price of $100, and that it was one of the conditions and provisions of the contract that the defendant should maintain this price which was specified in the contract, and as a further inducement to the purchase the plaintiff agreed to maintain the price at $100 wholesale, and $160 retail; that the plaintiff in violation of this contract reduced the price to $60.00 wholesale, and $100 retail during the year, and while the defendant had on hand twelve unsold bicycles. The bulk of the defendant's evidence on this proposition was excluded on the hypothesis that it was incompetent for the defendant to show his probable future profits in the sale of the machines; that he could not show that if the price had not been reduced to $100 retail, he would have sold the twelve bicycles and made a definite profit on each one. The court was undoubtedly right so far as concerns this part of the proposition because it has been for a long time the established doctrine in this state that there can be no recovery of future or prospective profits. We think however the testimony was legitimate in one aspect of the case, and that there is an element which the jury had a right to take into consideration, and about which the court should have instructed them, which would bear on the right of the defendant to recoup damages. This comes from the plaintiff's agree-

ment to maintain the wholesale price at $100. The reduction of that price to $60.00 of necessity affected the value of the stock which the defendant had bought, and which he then had on hand. It in no wise invaded the domain of prospective profits, but affected the market value of the goods which had been sold and delivered. In other words, it was proof which would tend to show that the goods which had been sold and delivered as of the market value of $100 were not of that value, but of a reduced one, to wit, of $60.00, and by their acts in reducing the wholesale price they took $40.00 out of the market value of each one of the twelve machines. As we read the pleading, and as we read the proof it seems to us as though it was an allegation of a breach of contract by the plaintiff, and that they did not deliver goods of the agreed value of $100 each, but that their subsequent conduct destroyed that value to the extent of $40.00, and on such plea and proof the defendant might show damages to the extent of this difference in price and value, and reduce the plaintiff's recovery accordingly. It seems to us entirely analogous to an agreement to sell buggies, reapers, sewing machines, steam engines, pumps or boilers at an agreed price and of a certain value and a failure on the part of the plaintiff to comply with his contract. It is common law when personal property is sold, if a person agrees to deliver goods of a certain value, and the goods delivered are not of that value, the defendant who receives them has two remedies; he can either return the goods and refuse to pay the price, or he can keep them, and when sued for the price, show the difference in the value of the goods when sold and the value of the goods as they ought to have been according to the terms of the contract. Ordinarily this is accomplished by proof of what it had or would cost to go into the market and buy goods of the description named in the agreement, and then make proof of the value of the goods as delivered. In the present case that is not possible. Cleveland bicycles are made by one concern, known to the market as such, and they have a distinct and specific value by reason of their quality and the public demand

for them. It does not seem to us to make any difference whether this value is the result of the reputation of the manufacturer, or the fad or fashion which prevails with reference to such articles. They had by the contract a distinct and specific value. The plaintiff agreed that none should be sold at wholesale at less than $100. He thereby established the market value and relieved the defendant of any necessity to establish by the ordinary modes the difference between the value of the machines purchased and what it would cost to replace them. They could not be replaced. They could not be bought of any other dealer, and when the plaintiffs deliberately destroyed the value of the goods they had sold by the reduction in price, they should be bound. They cannot now be heard to say that the value of the machines at wholesale was not $100 at the time of the sale. If this is true, and the price was reduced to $60.00 then by their own acts they destroyed the market value to the extent of $40.00 apiece, and when the defendant comes to prove his damages he can show that the delivered bicycles were not of the market value established by the contract. Proof of the reduction in the price makes out a case in that respect, and does not compel the defendant to show the value of like machines of other makes. We think therefore that proof on this proposition was admissible and being made, and the jury being satisfied regarding it, their verdict on the subject would bind the parties.

There are numerous other errors assigned, and possibly some of them may be well laid, but since the case must be reversed we regard these suggestions as ample.

We therefore reverse the case with directions to the court below to permit the defendant to amend his answer to such an extent as he may be advised.

*Reversed.*